# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABDIEL PLANCARTE-FRUTIS, also known as Adbiel Plancarte, also known as Adbiel Frutis Plancarte,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-32-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Abdiel Plancarte-Frutis appeals the sentence imposed following his guilty plea conviction for being unlawfully present in the United States following removal subsequent to a conviction for an aggravated felony. Plancarte-Frutis argues that his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20529

§ 3553(a).  He maintains that his within-guidelines range sentence should not be considered presumptively reasonable because the Guideline under which he was sentenced, U.S.S.G. § 2L1.2, is not empirically based, but he acknowledges that this argument is foreclosed.  He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior conviction as that conviction was responsible for a 16-level increase and all five of his criminal history points.  He contends that the sentence failed to account for his personal history and characteristics because it did not reflect his strong ties to the United States and the motive for his offense.

A discretionary sentence imposed within the advisory guidelines range is presumptively reasonable.  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  As Plancarte-Frutis acknowledges, his assertion that we should not apply a presumption of reasonableness because § 2L1.2 is not empirically based is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court weighed the sentencing factors, rejected Plancarte-Frutis's request for a downward variance, and imposed a within-guidelines range sentence primarily based on Plancarte-Frutis's criminal offenses.  The double counting argument that Plancarte-Frutis raises has been previously rejected.  *See Duarte*, 569 F.3d at 529-31.  As Plancarte-Frutis was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Plancarte-Frutis has not shown sufficient reason for us to disturb that presumption.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.